UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD L. FIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0408-CVE-FHM |
| | ) |
| THE CITY OF TULSA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant City of Tulsa's partial motion to dismiss as to plaintiff's intentional infliction of emotional distress claim. Dkt. # 5. Defendant moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 14.

**I.**

Plaintiff began working for defendant some time around January 1995. He was an office administrator for defendant, and, during his fourteen years with defendant, he received positive performance reviews and was a faithful employee. Some time in 1996, plaintiff suffered an injury on the job that damaged his ulner nerve and neck, which left him with a disability that affected his daily life activities. Plaintiff returned to work, and he applied for a different position. He was awarded the position, but plaintiff informed defendant that he could not accept because, due to restrictions caused by his disability, he would be unable to perform the job functions. Plaintiff informed defendant of his restrictions.

Plaintiff performed his job duties effectively without issue, but defendant transferred plaintiff into a position that required plaintiff to do work that he could not perform due to his restrictions. Plaintiff took prescribed medications for his disability, and one of the side effects was memory loss.

In December 2009, plaintiff missed a required meeting and received a write-up. Plaintiff explained to defendant that he forgot about the meeting due to the side effects of his medications. Following the missed meeting and write-up, defendant required plaintiff to receive a medical examination at City Medical, and placed plaintiff on administrative leave without pay for the entirety of the year of 2010. Plaintiff was also required to attend City Medical once a month. In December 2010, defendant told plaintiff that plaintiff had until January 2011 to show an improvement. On January 1, 2011, defendant terminated plaintiff's employment.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court

need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant asks that plaintiff's claim for intentional infliction of emotional distress be dismissed for failure to state a claim upon which relief may be granted because plaintiff's allegations of disability discrimination do not rise to the level of extreme and outrageous conduct as a matter of law. Dkt. # 5. Plaintiff responds that his allegations of disability discrimination are sufficient to state a claim for intentional infliction of emotional distress. Dkt. # 14, at 3.

Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. Id. In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) the resulting emotional distress was severe."

3

Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law). If reasonable persons could reach differing conclusions in the assessment of the disputed facts, the Court should submit the claim to a jury to determine whether the defendant's conduct could result in liability. Id. The Court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. Id.

In cases arising out of the workplace, Oklahoma appellate courts have found that a defendant engaged in extreme and outrageous conduct only when that defendant intentionally and persistently engaged in a course of conduct that harmed the plaintiff. See Computer Publications, 49 P.3d at 736 (claim should have been submitted to a jury when plaintiff presented evidence that harassment lasted more than two years and caused plaintiff to quit her job, move, and repeatedly change phone numbers); Miner v. Mid-America Door Co., 68 P.3d 212 (Okla. Civ. App. 2002) (employer's alleged failure to reassign the plaintiff after learning of workplace harassment, even if unreasonable, was not extreme and outrageous); Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla. Civ. App. 2000); (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); Mirzaie v. Smith Cogeneration, Inc., 962 P.2d 678 (Okla. Civ. App. 1998) (employer's conduct was not extreme and outrageous when, inter alia, the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); Zahorsky v. Community Nat'l Bank of Alva, 883

P.2d 198 (Okla. Civ. App. 1994) (employer not liable for intentional infliction of emotional distress when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct).

Plaintiff's allegations that defendant discriminated against him by treating him differently based on his disability, placing him on administrative leave without pay for the entirety of the year 2010, requiring him to make monthly visits to City Medical during the year 2010, and thereafter terminating his employment, do not constitute extreme and outrageous conduct. Workplace discrimination or harassment rarely rises to the level of extreme and outrageous conduct, and plaintiff's allegations do not rise to the level of conduct that an Oklahoma appellate court has found extreme and outrageous in the workplace setting. Thus, plaintiff has not stated a plausible claim of intentional infliction of emotional distress, and the Court finds that plaintiff's intentional infliction of emotional distress claim should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's partial motion to dismiss as to plaintiff's intentional infliction of emotional distress claim (Dkt. # 5) is **granted**, and plaintiff's second claim for relief is dismissed.

**DATED** this 5th day of October, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE